```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**EDWARD GRESHAM, JR. AND**                           **CIVIL ACTION**
**ELORIS GRESHAM**
                                                      **NO. 07-4579**
**VERSUS**

**STANDARD FIRE INSURANCE COMPANY**                   **SECTION B(3)**

                          ORDER AND REASONS

Before the Court is Plaintiffs Edward and Eloris Gresham's Motion for Partial Summary Judgment(Rec. Doc. 10).  After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion for Partial Summary Judgment is **DENIED.**

                             *BACKGROUND*

On or about August 29, 2005, Plaintiff Greshams' home suffered damage as a result of Hurricane Katrina. The home was insured by Defendant Standard Fire. Plaintiffs' policy with Standard Fire contains an exclusion for flood damage.  The policy also contains an "Other Insurance" provision which reads:

> **Other Insurance.** If a loss covered by this policy is also covered by other insurance, we will pay only the proportion of the loss that the limit of liability that applies under this policy bears to the total amount of insurance covering the loss.

At the time of Hurricane Katrina, Plaintiffs' home was also insured by a flood insurance plan through National Fidelity.

Plaintiffs have filed a Motion for Partial Summary Judgment

with this Court regarding the applicability of the "Other Insurance" clause to their claim with Standard Fire.

Plaintiffs seek Partial Summary Judgment acknowledging that the "Other Insurance" provision controls this case so that the only relevant issues remaining are the policy limits and the total damages. (Rec. Doc. No. 10). The "Other Insurance" provision contains a formula for payment of a proportion of the loss. Plaintiffs argue that payment should be made according to the formula rather than according to a determination of what damage was caused by flooding and what was not. The formula contained in the "Other Insurance" provision pays "the proportion of the loss that the limit of liability that applies under this policy bears to the total amount of insurance covering the loss."

Plaintiffs claim that the "Other Insurance" provision has been invoked because their loss was also covered by flood insurance. Plaintiffs note that the policy does not specifically define "covered loss," but reason that the clause includes any damage to the insured residence. Since their insured home was damaged as a result of Hurricane Katrina, Plaintiffs claim that all damage was a covered loss within the meaning of the "Other Insurance" provision.

Plaintiffs further argue that the "Other Insurance" provision does not contain the flood exclusion. Plaintiffs anticipate that Standard Fire will argue that because Plaintiffs received "a significant amount under the flood policy," the homeowner's policy payment should be limited. This argument, according to Plaintiffs,

2

is an admission by Standard Fire that the homeowner's policy covers the same risk as the flood policy and therefore the formula in the "Other Insurance" provision should govern the payment.

Plaintiffs first assert that their interpretation of the provision is in accordance with its clear wording. In the alternative, Plaintiffs argue that the wording of the clause is ambiguous enough to support the above interpretation, citing principles for policy interpretation set forth by the Louisiana Supreme Court in *Louisiana Ins. Guaranty Assoc. v. Interstate Fire and Casualty Co.,* 630 So.2d 759, 763 (La. 1994). Plaintiffs argue that application of that test to the facts of the present case allows the provision to stand as they have interpreted it, and that therefore, the formula contained in the "Other Insurance" clause should govern the payment.

Standard Fire argues that Plaintiffs' interpretation of the "Other Insurance" clause is contrary to the plain language of the policy and inconsistent with applicable law. (Rec. Doc. No. 16). Defendant agrees that the interpretation of an insurance contract is a matter that may be decided by summary judgment, but argues that Plaintiff's interpretation of the clause is incorrect and is unsupported by law. Defendant states that under Louisiana law, which is applicable in this case, an insurance policy is a contract between two parties and must be interpreted through the law of contracts. When the words of a contract are clear, explicit, and reasonable, as Defendant sets forth its insurance policy to be,

3

those words govern the agreement without further interpretation of the parties' intent.  If any ambiguity exists, it must be construed in accordance with the contract as a whole, and the entire policy, according to Defendant, clearly excludes coverage for damage due to flooding.  Therefore, Defendant reasons that the entire policy contains the exclusion based on the plain meaning of flooding and Plaintiff's reliance on the "Other Insurance" clause as a provision separate and distinct from the exclusion is misplaced.

Defendant argues that because Plaintiffs' home arguably suffered both flood damage and damage covered by the homeowner's insurance policy and because Plaintiff's policy, including the "Other Insurance" clause, excludes losses due to flooding, Plaintiffs must show what damage was not caused by flooding. Defendant avers that Plaintiffs cannot seek damages under their homeowner's policy which have already been covered by their flood insurance policy and that Plaintiffs have misinterpreted the law regarding the "Other Insurance" provision.

## DISCUSSION

**A. Summary Judgment**

Summary Judgment is appropriate when the record contains no genuine issue as to any material fact. *Byers v. Dallas Morning News, Inc.*, 209 F. 3d 419 (5th Cir. 2000) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  If, after the non-movant has had an opportunity to raise an issue of material fact, and if no reasonable juror could find for the non-movant, summary judgment

4

will be granted. *Id*.

In the present case, neither party asserts an issue of material fact. Plaintiffs seek summary judgment only on the legal issue of contract interpretation. The non-movant, Standard Fire, does not raise a claim that an issue of material fact exists. In fact, Standard Fire states that the issue at hand is "uniquely suited for resolution by summary judgment." (Rec. Doc. No. 16 at 2). Plaintiffs ask the Court for interpretation of a clause in an insurance policy, and under Louisiana law, interpretation of an insurance contract generally involves a question of law. *In re: Katrina Canal Breaches Litigation*, 495 F.3d 191, 206 (5th Cir. 2007).

Under Fed. R. Civ. P. 56, "summary judgment is appropriate where the facts are not in dispute and the issue before the court poses purely a legal question." *Diversified Group Inc. v. Van Tassel*, 806 F.2d 1275, 1277 (5th Cir. 1987). The scope of an insurance policy exclusion is likewise a question appropriate for summary judgment. *Id*. Because there is no genuine issue of material fact in dispute, this Court must determine whether the Plaintiffs are entitled to a judgment as a matter of law pursuant to Fed. R. Civ. P. 56.

**B. Applicability of the "Other Insurance" Clause**

The parties agree that because the claim arises from property situated in the State of Louisiana, Louisiana law should apply. "An insurance policy is a contract between the parties." *Cadwallader*

*v. Allstate Ins. Co.*, 848 So.2d 577, 580 (La. 2003). Therefore, Louisiana contract law will determine the effect of the policy between Plaintiffs and Defendant.

Plaintiffs first argue that their position is supported by the clear language of the policy. (Rec. Doc. No. 10). "An insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Civil Code." *La. Ins. Guar. Assoc. v. Interstate Fire & Cas. Co.*, 630 So. 2d 759, 763 (La. 1994)(*citing Smith v. Matthews,* 611 So.2d 1377, 1379 (La. 1993)); *Central Louisiana Electric Co. v. Westinghouse Electric Corp.*, 579 So.2d 981, 985 (La. 1991). The Louisiana Civil Code provides that contract interpretation is the "determination of the common intent of the parties," and that "when the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code arts. 2045-2046. "The parties' intent as reflected by the words of the policy determine[s] the extent of the coverage." *La. Ins. Guar. Assoc.*, 630 So.2d at 763 (*citing Trinity Industries, Inc. v. Ins. Co. Of North America*, 916 F.2d 267, 269 (5th Cir. 1990)).

Plaintiff contends that the absence of an explicit flood exclusion in the "Other Insurance" clause renders the flood exclusion void when the "Other Insurance" clause is invoked. Plaintiff cites virtually no law in arriving at this conclusion. (Rec. Doc. No. 10). Louisiana law dictates that each provision of

6

a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole. La. Civ. Code art. 2050. "One policy provision is not to be construed separately at the expense of disregarding other policy provisions." *La. Ins. Guar. Assoc.*, 630 So.2d at 763 (*citing* La. Civ. Code. art. 2050). Further, "even where the scope of an exclusion is not readily apparent, we do not immediately construe that exclusion in favor of coverage." *In re: Katrina Canal Breaches Litigation*, 495 F.3d 191, 211 (5th Cir. 2007). Instead, the general principles of contract interpretation found in the Civil Code apply and the words are given their "generally prevailing meaning." *Id*. (*citing* La. Civ. Code art. 2047).

Plaintiffs' theory fails under the law because the "Other Insurance" clause cannot be interpreted outside the provisions of the entire policy. The policy issued by Defendant clearly states "we do not insure for loss caused directly or indirectly by . . . water damage." (Rec. Doc. No. 16 at 8). The plain meaning of this exclusion is that Defendant will not cover any loss due to flooding, regardless of the circumstance. Recent litigation has made clear that flood exclusions should be interpreted by using the generally prevailing meaning of the word flood and that insurers are entitled to use the term flood to limit liability and impose reasonable conditions upon the policy obligations. *Sher v. Lafayette Ins. Co.*, No. 07-2441, 2008 WL 928486, at *2-7 (La. April 8, 2008). The "Other Insurance" clause of the policy at issue in

the present case is triggered only when "the loss covered by this policy is also covered by other insurance." The policy at issue, when read in its entirety as required by law, excludes any loss due to flooding. Therefore, a second policy that covers loss due to flooding alone cannot be said to cover the same loss covered by a policy that does not cover flooding.

Alternatively, Plaintiffs argue that the language of the policy is ambiguous and that their interpretation is supported by principles of contract interpretation. The Fifth Circuit recently held that "even where the scope of an exclusion is not readily apparent, we do not immediately construe that exclusion in favor of coverage." *In re: Katrina Canal Breaches Litigation*, 495 F.3d at 211. Instead, the general principles of contract interpretation found in the Civil Code apply and the words are given their "generally prevailing meaning." *Id*. (*citing* La. Civ. Code art. 2047).

Plaintiffs assert several rules of contract interpretation, citing *Louisiana Ins. Guaranty Assoc.,* 630 So.2d at 763. Plaintiffs assert that "an insurance policy should not be interpreted in an unreasonable or strained manner so as to enlarge or restrict its coverage" and claim that restriction of the "other insurance" clause would render it meaningless. *Id.* Plaintiffs claim that it is absurd to believe that an insured would have two identical policies, therefore this Court should not interpret the clause as requiring such. (Rec. Doc. No. 10 at 9). However, the

8

Fifth Circuit has discussed "other insurance" clauses as being "generally designed by insurers to avoid an insured's temptation or fraud of over-insuring property or inflicting self injury." *St. Paul Mercury Ins. Co. v. Lexington Ins. Co.*, 78 F.3d 202, 206 (5th Cir. 1996).  Given the Fifth Circuit's previous acceptance of the purpose of the clause, Plaintiffs' interpretation would lead to an unreasonable expansion of coverage.

Louisiana courts have held that if an ambiguity remains after the general rules of contract construction found in the Civil Code have been applied, the ambiguous language should be construed against the insurer.  *Id*.  Strict construction against the insurer should only apply if the provision at issue is "susceptible to two or more reasonable interpretations."  *Cadwallader*, 848 So.2d at 580.  Plaintiffs have failed to show thus far that the provision is ambiguous or that their interpretation is reasonable; hence strict construction against Defendant is inappropriate.

Finally, Plaintiffs argue that the Court should consider "how a reasonable policy purchaser would have interpreted the provision at the time of purchase." (Rec. Doc. No. 10 at 9).  The Louisiana Supreme Court has held that "the court should construe the policy to fulfill the reasonable expectations of the parties in the light of the customs and usages of the industry," but "if the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written." *Louisiana Ins. Guaranty Assoc.*, 630 So.2d at 764.  As previously

discussed, the policy clearly expresses defendant's intent not to cover losses due to flooding. Further, attached to Plaintiffs' motion as evidence is a document entitled "Water Water Everywhere," which clearly states "Your Homeowner's policy DOES NOT cover flood loss to your home and contents." (See Rec. Doc. 10). Plaintiffs' argument that they believed the "other insurance" clause negated the flood exclusion is not reasonable.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Partial Summary Judgment is **DENIED.**

New Orleans, Louisiana this 25th day of August, 2008.

UNITED STATES DISTRICT JUDGE